CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 30 2009

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEROME BAILEY, | )<br>) |
| Plaintiff, | ) Case No. 7:09CV00104 |
| v. | ) <br>) **MEMORANDUM OPINION** |
| KENNETH L. OSBORNE, | ) <br>) By: Glen E. Conrad |
| Defendant. | ) United States District Judge |

Plaintiff Jerome Bailey, a Virginia inmate proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, plaintiff alleges that his constitutional rights were violated because his medication prevented him from helping in his defense. He seeks a new trial. After reviewing the complaint, the court is of the opinion that even though the plaintiff has styled his action as a civil rights complaint, the claims are more appropriately filed as a petition for a writ of habeas corpus. The court finds that the complaint should be construed as a habeas action under 28 U.S.C. § 2254 and dismissed summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1]

A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies pursuant to § 2254, a court must consider whether the "core" of the petitioner's claim concerns the fact or duration of his confinement and whether a claim of damages is ancillary to and dependent on

---

[1] A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

a favorable resolution of the challenge to the length of his confinement. Todd v. Baskerville, 712 F.2d 70, 71-72 (4th Cir. 1983). If the core of the complaint does so concern the fact or length of confinement, then the proceeding is in habeas. Id. In this case, plaintiff is clearly contesting the legality of his continued confinement in the Virginia prison system. Accordingly, plaintiff's exclusive initial cause of action is in habeas. Id.

Once the complaint is construed as a petition for a writ of habeas corpus, the initial mislabeling of the action would not normally require dismissal. See Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Provided the claim meets the threshold requirements, the court could address it on the merits. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53, 54 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, that court is the Supreme Court of Virginia. An inmate may present his claims to the Supreme Court of Virginia on direct appeal from a decision by the Court of Appeals of Virginia, in a habeas petition in the circuit court where he was convicted, with review of an adverse decision by the Supreme Court of Virginia; or in a habeas petition filed directly in the Supreme Court of Virginia. See Va. Code § 8.01-654(A)(1); §17.1-411.

In this case, Bailey's complaint form offers no indication whatsoever that he has presented his current claims to any state court, let alone to the Supreme Court of Virginia. Therefore, he has

not demonstrated, as is his burden, that he has exhausted available state court remedies, as required by 28 U.S.C. § 2254(b). For this reason, Bailey's petition must be dismissed without prejudice.[2] An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of March, 2009.

/s/ Gary Conrad
United States District Judge

---

[2] The petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the routes described. The petitioner is advised, however, that the time for filing a state or federal habeas petition is limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

- 3 -